UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:13-CR-143-2 |
| | § | |
| MARICELA URDIALEZ | § | |

# MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND DENYING CERTIFICATE OF APPEALABILITY

On April 30, 2014, the Clerk received Movant Maricela Urdialez's ("Urdialez") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and her memorandum of law in support. D.E. 54, 55. The Government filed a motion for summary judgment seeking to enforce Urdialez's waiver of her right to file the present motion. D.E. 62. Urdialez did not respond.

For the reasons discussed herein, the Government's motion for summary judgment is GRANTED, Urdialez's motion to vacate is DENIED, and she is DENIED a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND

On February 27, 2013, Urdialez and codefendant Michelle Guerrero were charged in a two-count indictment with conspiracy to possess with intent to distribute a controlled substance involving more than 500 grams of a mixture or substance containing a

detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). D.E. 14. Both were also charged with possession with intent to distribute the same quantity of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. *Id.*

In April 2013, Urdialez entered into a plea agreement with the Government. D.E. 25. In exchange for her guilty plea, the Government agreed to recommend that she receive maximum credit for acceptance of responsibility, to recommend a sentence within the applicable guideline range, and to dismiss Count Two of the Indictment. *Id.*, ¶ 2. As part of the plea agreement, Urdialez waived her right to appeal her sentence or to file a motion to vacate, set aside, or correct sentence. *Id.* at ¶ 7.

During rearraignment, the Court explained the statutory minimum sentence of ten years and maximum sentence of life imprisonment, to be followed by at least five years of supervised release. D.E. 59, p. 12:13-19. Urdialez testified she understood. *Id.*, p. 12:20-24. She testified that the Government's summary of the plea agreement comported with her understanding of the agreement. *Id.*, p. 20:4-8. Urdialez testified that she read the plea agreement before she signed it and discussed it with counsel. *Id.*, p. 20:11-20. She further testified that she understood she was giving up her right to appeal, except in very narrow circumstances. *Id.*, p. 21:15-24.

The Presentence Investigation Report (PSR), (D.E. 32), set Urdialez's base offense level at 38 based upon 52.75 kilograms of methamphetamine seized. *Id.*, ¶ 12. Her offense level was increased by two levels because the methamphetamine was imported from Mexico. It was also reduced by two levels pursuant to the safety valve provision, §

2D1.1(b)(16). *Id.*, ¶¶ 13–14. After credit for acceptance of responsibility, her total offense level was 35. *Id.*, ¶¶ 12–22. Urdialez had no criminal history so her guideline sentencing range was 168 to 210 months. *Id.*, ¶¶ 43–44.

At sentencing, Urdialez's counsel argued for a downward variance from the guideline range, in part because the weight of the drugs when mixed with the liquid overstated their weight. D.E. 60, pp. 10:25–12:7. The Court sentenced Urdialez to 96 months imprisonment, a below guidelines sentence to be followed by five years of supervised release. D.E. 41, pp. 2, 3, 5. After the Court imposed the sentence, the Court reminded Urdialez that she waived her right to appeal. D.E. 60, p. 14:22-24.

### III. MOVANT'S ALLEGATIONS

Urdialez claims that her counsel provided constitutionally ineffective assistance at sentencing on the following grounds: counsel failed to present mitigating evidence that could have resulted in a different sentence because counsel did not challenge the drug quantity based on the purity of the drugs. She also claims that counsel failed to investigate key elements of the case, specifically the drug purity. Urdialez also argues that her sentence violated *Alleyne v. United States*, 133 S.Ct. 2151 (2013).

The Government urges the Court to enforce the waivers in Urdialez's plea agreement and alternatively argues that her claims are without merit.

### IV. ANALYSIS

**A.  28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the

district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B.     Urdialez Waived Her Right to File the Motion to Vacate**

Urdialez does not challenge the validity of her waiver of the right to file a motion to vacate pursuant to 28 U.S.C. § 2255, nor does she challenge the voluntariness of her guilty plea.

"As a general matter . . . an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *see also United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002). A waiver is enforced against an ineffective assistance of counsel claim unless the claimed ineffective assistance directly affected the validity of the waiver or of the plea itself. *Wilkes*, 20 F.3d. at 343. If, however, the plea and waiver were knowing and voluntary, and the waiver clearly covers § 2255 motions, the waiver can be enforced. *Id*. at 343–44.

Here, the Government summarized the plea agreement at rearraignment, including the waiver of Urdialez's right to appeal. The Court specifically admonished Urdialez regarding her waiver of the right to appeal, but did not specifically address her waiver of § 2255 rights as set forth in her plea agreement. Still, a court's failure to specifically

mention § 2255 rights does not render the waiver ineffective. *See United States v. Narvaez*, 452 F.App'x 488, 493 (5th Cir. 2011) (per curiam); *see also United States v. Johnson*, 1 F.3d 296, 302 (5th Cir. 1993) (*en banc*) (finding error during plea colloquy to be harmless); *United States v. Walkes*, 410 F.App'x 800, 806 (5th Cir. 2011) (per curiam) (district court's failure to admonish defendant of his right to remain silent not reversible error); *United States v. Azarte–Davalos*, 328 F.App'x 921, 922 (5th Cir. 2009) (per curiam) (district court's failure to comply with Rule 11 did not render plea involuntary or unknowing).

Urdialez testified at rearraignment that she read and discussed her plea agreement with counsel before she signed it and she understood it. The Court questioned Urdialez regarding her waiver of appeal. She testified that she was aware of the waiver, had discussed the waiver with counsel, and understood it. The burden to demonstrate that her plea and waiver should not be enforced is on Urdialez, but she raises no claim that it should not be enforced.

Urdialez's sworn statements in open court that she understood the plea agreement and the waiver are entitled to a strong presumption of truthfulness. *United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002). Furthermore, a signed, unambiguous plea agreement is accorded great evidentiary weight when deciding if the plea is entered voluntarily. *See Bonvillan v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986). Urdialez's plea agreement and her

sworn statements preclude the relief she seeks here. The evidence before the Court is that Urdialez's guilty plea, including the waivers, was knowing and voluntary. The waiver is enforceable and bars her claims.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). Although Urdialez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A certificate of appealability (COA) "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Urdialez is not entitled to a COA on any of her claims. That is, reasonable jurists could not debate the Court's resolution of her claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, the Government's motion for summary judgment (D.E. 62) is GRANTED, Urdialez's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 54) is DENIED, and she is also DENIED a Certificate of Appealability.

ORDERED this 17th day of December, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE