United States District Court
Southern District of Texas
**ENTERED**
November 02, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:13-143-2 |
| | § | |
| MARICELA URDIALEZ, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Defendant Maricela Urdialez filed a motion attacking her sentence under 28 U.S.C. §§ 2241 and 2255 (D.E. 82). The relief she seeks is based upon Amendment 794 to the Sentencing Guidelines Manual; thus, the Court construes the motion to be pursuant to 18 U.S.C. § 3582(c)(2).

On April 4, 2013, Defendant pled guilty to conspiracy to possess with intent to distribute 52.75 kilograms of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). Defendant was subject to a mandatory minimum sentence of 10 years' imprisonment; however, the Court determined that she qualified for safety valve under 18 U.S.C. § 3553(f). Defendant's base offense level, based on 52.75 kilograms of methamphetamine, was 38. She received a two-level reduction under U.S.S.G. § 2D1.1(b)(17) because she qualified for safety valve and a two-level enhancement under U.S.S.G. § 2D1.1(b)(5) because the offense involved the importation of methamphetamine. After credit for acceptance of responsibility, her total offense level was 35. Her criminal history category was I, resulting in a guideline range of 160 to 210 months' imprisonment. The Court sentenced Defendant to a below-guideline sentence of

1

96 months' imprisonment, to be followed by 5 years of supervised release. Judgment was entered July 11, 2013.

On November 1, 2015, the United States Sentencing Commission issued Amendment 794, which amended the commentary to U.S.S.G. § 3B1.2 to clarify the factors a district court should consider in making a determination of minor or mitigating role. Defendant asserts that Amendment 794 allows the Court to reduce her sentence based on minor role.

A federal court generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010). However, Congress allowed an exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also Freeman v. United States*, 564 U.S. 522, 526–27 (2011) (reciting standard for sentence modifications). Such defendants are entitled to move for retroactive modification of their sentences. *Freeman*, 564 U.S. at 527. However, a sentence reduction is only permitted if it is consistent with the policy statements issued by the Sentencing Commission, which are found in § 1B1.10 of the Sentencing Guidelines. See 18 U.S.C. § 3582(c)(2); *United States. v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997). Subsection 1B1.10(d) lists the amendments to the Guidelines that are eligible for retroactive effect, but Amendment 794 is not listed. Accordingly, the Court is not authorized to reconsider whether Defendant may qualify for a minor role under the Amendment.

For the reasons stated above, Defendant's motion to reduce her sentence under § 3582(c)(2) and Amendment 794 (D.E. 82) is **DENIED**.

So **ORDERED** this 2nd day of November, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE